UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

SUSAN REED, *as Executrix of the Estate of Sharon Sloniger*,

                      Plaintiff,
  v.                                            **ORDER**
                                                  09-CV-858S

SIGMUND DEJA, ROAD BEAR RV,
JJ MOTOR CARS, INC., CAMPER DREAMS, LLC,
ROAD BEAR INTERNATIONAL, LTD,

                      Defendants.

      1.      On July 6, 2011, Defendant Siegmund Deja filed a Motion for Approval of Infant and Wrongful Death Settlement on behalf S.D., an infant injured in the subject motor vehicle accident. (Docket No. 56.) S.D. is not a party but the global settlement of the current action includes pre-suit settlement of S.D.'s claims.

      2.      On July 21, 2011, this Court determined that there was insufficient information from which it could make the necessary findings under Local Rule 41 (a)(1) to approve the infant settlement. (Docket No. 58.) It therefore directed that Defendant Siegmund Dega supplement his motion. Supplemental information was thereafter filed in further support of the motion. (Docket Nos. 60-69.) This information was inadequate, however, and this Court again directed that supplemental information be provided. (Docket No. 74.) On September 6, 2011, counsel for S.D. filed a Supplemental Motion for Settlement with supporting exhibits. (Docket No. 75.)

      3.      An action by or on behalf of an infant may not be settled or dismissed without leave of this Court. <u>See</u> Local Rule 41 (a)(1)(A). The procedures for obtaining such leave are set forth in Rule 41 (a)(1) of the Local Rules of Civil Procedure for the Western District

of New York, which in turn incorporates the applicable provisions of New York's Civil Practice Law and Rules ("CPLR").

4. Pursuant to those provisions, this Court finds that: (1) neither a hearing nor the appearance of the infant is necessary; (2) the payment of reasonable attorney's fees and disbursements shall be taken from the infant settlement; (3) the distribution of the settlement moneys shall conform with the German Civil Code (BGB);[1] and (4) the infant settlement and distribution of the settlement moneys is in the best interests of the infant. See Local Rule 41 (a)(1).

IT HEREBY IS ORDERED, that Defendant Siegmund Deja's Motion for Approval of Infant and Wrongful Death Settlement (Docket No. 56) and the Supplemental Motion for Settlement (Docket No. 75) are GRANTED.

FURTHER, that Siegmund Deja, the infant's father, is authorized to settle this action on the infant's behalf.

FURTHER, that the settlement of the infant's claim against the Defendants for the sum of $50,000 is APPROVED.

FURTHER, that the attorney's fees of $7,500 are reasonable and shall be deducted from the infant's settlement proceeds and payable to Byrne, Davis, and Hicks, P.C.

FURTHER, that the infant plaintiff's settlement proceeds shall be used strictly for the use and benefit of the infant, consistent with the German Civil Code (BGB).

---

[1] The infant and the infant's father are German citizens and reside in Germany.

FURTHER, that Siegmund Deja is permitted and authorized to execute a general release to Defendants, if necessary, to settle the infant's claims.

SO ORDERED.

Dated:   September 9, 2011
         Buffalo, New York

                                                    s/William M. Skretny
                                                  WILLIAM M. SKRETNY
                                                       Chief Judge
                                                United States District Court