UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SUSAN SLONIGER REED as Administratrix of the
Estate of Edward Sloniger, Deceased,

                             Plaintiff,

                             v.

SIEGMUND DEJA,
ROAD BEAR RV,
ROAD BEAR INTERNATIONAL LTD.,
CAMPER DREAMS, LLC, JJ MOTOR CARS, INC.,

                            Defendants.

**Hon. Hugh B. Scott**

10CV379S

**Report
&
Recommendation**

**&**

**Order**

_____

SHARON L. SLONIGER,
SUSAN REED as Executrix of the Estate
of Sharon Sloniger,

                             Plaintiff,

                             v.

SIGMUND DEJA,
ROAD BEAR RV,
ROAD BEAR INTERNATIONAL, LTD.,
JJ MOTOR CARS, INC., and
CAMPER DREAMS, LLC,

                             Defendants.

09CV858S

**Order**

_____

     Before this Court are two set of motions.  First are the motions of former parties JJ Motor

Cars, Inc., d/b/a Road Bear RV and Road Bear RV (collectively "Road Bear RV," and considered

hereinafter in the singular) regarding the wreckage of the recreational vehicle involved in these

actions (Sloniger v. Deja, No. 09CV858[1], Docket No. 134[2]; Reed v. Deja, et al., No. 10CV379,

Docket No. 59[3]).  A copy of this Report and Recommendation and Order will be filed in both

actions and, for judicial efficiency, these motions will be addressed by the Order portion of this

Report and Recommendation and Order.

    Responses to these motions for leave to dispose of this wreckage in both cases were due

by December 17, 2013, with any reply due by January 2, 2014, and the motions were deemed

submitted (without oral argument) on January 2, 2014 (Docket No. 135; see also Reed v. Deja,

No. 10CV379, Docket No. 60).

    The second motion is plaintiff's motion to consolidate the Reed v. Deja action with the

Sloniger v. Deja action (Reed v. Deja, No. 10CV379, Docket No. 61[4]).  Responses to this motion

were due by January 2, 2014, and any reply by January 9, 2014 (Reed v. Deja, No. 10CV379,

Docket No. 62).  Both motions were deemed submitted on January 9, 2014.  No responses were

filed on the consolidation motion.

---

[1]Citations to "Docket No." references herein are to filings in Sloniger v. Deja, Case No. 09CV858.  This is to distinguish these references from other cases with the same name but different case number or from the Reed v. Deja, No. 10CV379, action; for those cases, docket citations will include the full name and case number.

[2]In support of this motion, Road Bear RV submits their attorney's declaration with exhibits, Docket No. 134; their attorney's Reply Declaration, Docket No. 137.  Plaintiff responded to this motion, Docket No. 136.

[3]Motion, Reed v. Deja, No. 10CV379, Docket No. 59, Road Bear RV's reply, id., Docket No. 63.

[4]In support of this motion, plaintiff filed her attorney's declaration and memorandum of law, Reed v. Deja, No. 10CV379, Docket No. 61.

BACKGROUND

As the parties are well aware, these cases arose from a Niagara County, New York, automobile-recreational vehicle collision in 2009 (see Docket No. 131, Report & Recommendation of Nov. 1, 2013, at 2-3, objections pending, Docket No. 132).  These cases initially were separately commenced in New York State Supreme Court and were separately removed by individual defendants in 2009 and 2010, see Sloniger v. Deja, No. 09CV858, Docket No. 1, Notice of Removal by Deja; Reed v. Deja, No. 10CV379, Docket No. 1, Notice of Removal; see also Sloniger v. Deja, No. 09CV984, Docket No. 1, Notice of Removal by Road Bear RV defendants; Sloniger v. Deja, No. 09CV858, Docket No. 131 (Report & Recommendation of Nov. 1, 2013, at 2 n.3).  The two Sloniger actions were commenced in state court for the injuries suffered by Sharon Sloniger but separately removed by different defendants. The two Sloniger v. Deja cases had an identical pretrial track until they were consolidated by stipulation (e.g., Sloniger v. Deja, No. 09CV858, Docket No. 46).  Upon the death of Sharon Sloniger, her daughter and executrix, Susan Reed, was substituted as plaintiff in No. 09CV858 (Docket Nos. 49, 55).

The Reed v. Deja action was commenced by the estate of Edward Sloniger by his daughter and executrix, Susan Reed, Reed v. Deja, No. 10CV379, Docket No. 1; see Sloniger v. Deja, No. 09CV858, Docket No. 131, R&R at 2 n.3.  Reed v. Deja was also tracked with the Sloniger actions for pretrial scheduling and other purposes but no formal effort was made to consolidate until the pending motion was filed.

The Report & Recommendation on plaintiff's motion for summary judgment in this case (Docket No. 131, at 2-4) provides a narrative of the procedural history of these cases.  That

3

Report (id. at 12-13) also noted that Sloniger v. Deja, No. 09CV858, only dealt with the claims

of plaintiff Sharon Sloniger and, despite referring to the death of Edward Sloniger as a "serious

injury" under New York Insurance Law, found that Edward Sloniger's claims were addressed in

another action, Reed v. Deja, 10CV379, and would not be considered in this case.  When that

Report was issued there was no motion pending from plaintiff in Reed v. Deja seeking summary

judgment.

While that dispositive motion was pending in Sloniger v. Deja, the parties stipulated to

dismiss the Road Bear RV defendants in both cases (Docket No. 134, Road Bear RV Atty. Decl.

¶ 10, Ex. C; see Docket Nos. 123, 124; see also Reed v. Deja, No. 10CV379, Docket Nos. 57,

58).  Presently, this Court has objections pending to the Report & Recommendation (Docket No.

132) and the motions considered herein.

*Road Bear RV Motion Regarding the Wreckage*

During the course of this action, Road Bear RV maintained possession of the wrecked

recreational vehicle, storing it at those parties' expense.  After entering stipulations to dismiss

Road Bear RV as defendants, Road Bear RV made the present motion for permission to dispose

of the wrecked recreational vehicle (Docket No. 134).  Earlier, the parties submitted a Stipulation

and Proposed Order regarding this wreckage (cf. Docket No. 82, Stipulation and Proposed Order

to authorize destruction of evidence, Mar. 7, 2012), but that Order was never entered.

Road Bear RV had been renting space at a large bay at Smith Boys Marine Sales, Inc., to

store the wreck (Docket No. 134, Road Bear RV Atty. ¶ 7), at the cost to date of $12,300 (id.

¶¶ 8, 18, Ex. B).  Road Bear RV notified the remaining parties in these actions (and in a third,

4

related action[5]) of its intention to seek disposal and offered opportunities to inspect the wreckage (id. ¶ 12, Ex. D), with an inspection held on October 29, 2013 (id. ¶ 13).  Road Bear RV's counsel in the American Transport case is taking possession of the RV's power control module and braking fluid, without objection by any party (id. ¶ 16, Ex. E).  The power control module and braking fluid have been removed from the wreck and are preserved, Road Bear RV now seeks permission to dispose of the remainder of the wreck (id. ¶ 17).

In response, plaintiff agrees to disposing of the wreck so long as the so-called "black box," the power control modules, is preserved as well as other parts that Road Bear RV proposed to salvage (Docket No. 136, Pl. Atty. Decl. ¶¶ 3-7).  With the understanding that the power control modules are the "black box," plaintiff agrees to the disposal (id. ¶¶ 5, 7).  Deja did not respond to this motion.

Road Bear RV replies that no party objects to the proposed disposition of the wreckage and the so-called "black box" was in fact the RV's power control module and that device was removed from the wreckage and has been preserved (Docket No. 137, Road Bear RV Atty. Reply Decl. ¶¶ 3, 4-7).  Road Bear RV therefore urges that the wreckage be disposed of and destroyed (id. ¶ 7).

*Plaintiff's Motion to Consolidate*

Plaintiff now moves to consolidate the Reed v. Deja action with this action (Reed v. Deja, 10CV379, Docket No. 61).

---

[5]Reed v. American Transport Ins. Corp., 12CV6285.

While these motions are pending, plaintiff also submitted a letter request to extend the Scheduling Orders in these two cases, in part because of these pending motions (Docket No. 138).

## DISCUSSION

I.      Consolidation and Magistrate Judge Jurisdiction

    A.      Standards

        1.      Motion to Consolidate

Federal Rule of Civil Procedure 42(a) "provides that the court may consolidate actions which 'involve a common question of law or fact.' A district court 'has broad discretion to determine whether consolidation is appropriate,' Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir.), cert. denied, 498 U.S. 920 (1990)," Cohane v. NCAA, Nos. 04CV181, 04CV943, 2013 U.S. Dist. LEXIS 55909, at *3 (W.D.N.Y. Apr. 18, 2013) (Schroeder, Mag. J.).

Rule 42(a) recognizes at least three types of consolidation, see Fed. R. Civ. P. 42(a)(1)-(3). One form has other cases stayed until one is tried and that judgment being conclusive as to the remaining, stayed cases; this is technically not a consolidation but is often treated as such, 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2382, at 429 (Civil 2d ed 1995). Next is where two or more actions are combined into one action in which the judgment entered applies to all parties, id. This is what is intended here by plaintiff (see Reed v. Deja, No. 10CV379, Docket No. 61, Pl. Atty. Decl. ¶ 11). The third form of consolidation has several actions tried together but each case retains its separate character and requires entry of separate judgments, id. at 429, 430 & nn. 8, 9; see also Trafalgar Power, Inc. v. Aetna Life Ins.,

131 F. Supp. 2d 341, 346 (N.D.N.Y. 2001) (citing Johnson v. Manhattan Ry., 289 U.S. 479, 497 (1933), and Cole v. Shenley Indus. Inc., 563 F.2d 35, 38 (2d Cir. 1977)).

        2.       Referral Jurisdiction and Motions to Consolidate

One preliminary issue is whether this Court by Order may decide this consolidation question.  By Order, Magistrate Judge Schroeder consolidated the two actions in the Cohane cases where there was significant overlap of factual record and legal arguments in the two cases, Cohane, supra, 2013 U.S. Dist. LEXIS 55909, at *4; see also United States v. Native Wholesale Supply Co., Nos. 08CV850, 09CV241, 2009 U.S. Dist. LEXIS 99313, at *17-20 (W.D.N.Y. Oct. 20, 2009) (Schroeder, Mag. J.) (Report, Recommendation and Order, ordering consolidation). But other courts have differed on whether a Magistrate Judge could issue and Order determining a consolidation motion.  In some district courts in this Circuit Magistrate Judges have issued orders on motions to consolidate, McChesney v. Hogan, Nos. 9:08CV1186, 6:09CV1290, 2008 U.S. Dist. LEXIS 110140, at 6-8 (N.D.N.Y. Dec. 23, 2008) (Peebles, Mag. J.) (Report, Recommendation and Order, ordering consolidation); see also Trafalgar Power, supra, 131 F. Supp. 2d at 343, 346 (in Report, Recommendation and Order, Magistrate Judge ordered consolidation); Algonquin Power Corp. v. Trafalgar Power, No. 5:00CV1246, 2000 U.S. Dist. LEXIS 20331, at *14 (N.D.N.Y. Nov. 8, 2000) (Peebles, Mag. J.) (in Report, Recommendation and Order, finding that motion to consolidate was nondispositive and within Magistrate Judge's authority to order), adopted, 131 F. Supp. 2d 341 (N.D.N.Y. 2001).  Other courts have referred the consolidation motion to a Magistrate Judge for a Report & Recommendation, M&T Mortgage Corp. v. White, Nos. CV-04-4775, CV-04-5620, 2012 U.S. Dist. LEXIS 28933, at *1 (E.D.N.Y. Feb. 14, 2012) (Pohorelsky, Mag. J.); Waterford Twp. Police & Fire Ret. Sys. v.

7

Smithtown Bancorp, Inc., Nos. 10CV854, 10CV1405, 2011 U.S. Dist. LEXIS 88552, at *2

(E.D.N.Y. May 31, 2011) (Reyes, Mag. J.), adopted, 2011 U.S. Dist LEXIS 88853 (E.D.N.Y.

July 27, 2011); Alamin v. Scully, No. 96 Civ. 1630, 2000 U.S. Dist. LEXIS 13143 (S.D.N.Y.

Sept. 13, 2000), at *30-33, 34; Fluellen v. Goord, No. 06CV602, 2007 U.S. Dist. LEXIS 95374,

at *22-24 (W.D.N.Y. Mar. 12, 2007) (Schroeder, Mag. J.).  Except for Waterford Township

Police and Fire Retirement System, these cases have not analyzed whether a Magistrate Judge

has the authority to order consolidation; the court in Waterford Township holding that the motion

to consolidate is dispositive for purposes of § 636(b), Waterford Twp., supra, 2011 U.S. Dist.

LEXIS 88552, at *2.  This Court, on a proposed stipulation to consolidate cases, entered a Report

& Recommendation on this stipulation, Kandey Co. v. Barbera, No. 11CV478, Docket No. 14

(Report & Recommendation) at 1 (W.D.N.Y., Aug. 29, 2011) (Scott, Mag. J.) (citing Waterford

Twp., supra).

     Given that the trial court would have to try the case or cases and enter judgment(s) in

them, the ultimate decision to consolidate (and the manner of the consolidation) should be for the

trial judge to decide.  Where, under Rule 42(a)(2), the actions are consolidated one action is

terminated to merge with the surviving action; such a consolidation is dispositive at least as to

the merged and terminated action.  Therefore, this motion thus will be considered in a Report &

Recommendation.

     For judicial efficiency and the interrelated nature of the motions, the Road Bear RV

motions regarding the wreckage that could be addressed in Orders in both cases will be

considered in this Report.

B.    Application

Here, the two actions proposed to be consolidated arise from the same automobile accident, with the injury claims of wife Sharon Sloniger and the wrongful death claims of husband Edward Sloniger.  These claims were initially separated due to the fact that Edward Sloniger's estate pursued the wrongful death claims.  Both injured parties and their estates are represented by the same executrix and by the same plaintiff's counsel.  The only difference between their claims is the nature of the claims alleged.  For pretrial proceedings, the cases were considered on a common schedule and where common motions were filed in both cases common Orders were filed in both cases.  Where common motions were not filed (such as plaintiff Edward Sloniger's motion for summary judgment), each case was handled distinctly.

Absent opposition from the other parties, consolidation of these two actions should be **granted**. With consolidation, the claims of the late Edward Sloniger still remain to be determined because no dispositive motion was filed for him, despite earlier references in Sharon Sloniger's motion for summary judgment (Docket No. 107, Pl. Memo. at 6; Docket No. 103, Pl. Atty. Decl. ¶ 18, Exs. F, G) claiming that he suffered a "serious injury" as defined by New York Insurance Law with his death (see Docket No. 131, Report & Recommendation of Nov. 1, 2013, at 12-13).

II.    Wreckage

Given that no objections to disposal of the wreckage (save plaintiff seeking to preserve the "black box," or power control module, Docket No. 136, P. Atty. Decl. ¶¶ 3-7) have been made, the preservation after inspection of the power control module and braking fluid, and the costs for continued storage upon entities are now not parties to these actions, Road Bear RV's

9

motions in these two cases to dispose of the wreckage (save the noted parts preserved) are **granted provided that those parts remain preserved**.  The parties were given ample opportunity to inspect the wreckage and its parts and plaintiff sought confirmation that the power control module (or the "black box") was preserved (id.) and the Road Bear RV reports that the module has been preserved (Docket No. 137, Road Bear RV Atty. Reply Decl. ¶¶ 3-7).  As a result, the Road Bear RV's motion is **granted**.

III.    Schedule

Given the consolidation of these two actions recommended herein and plaintiffs' counsel's request while this motion was pending to extend the schedules in the two former actions (Docket No. 138), a new schedule is in Order.  Following the period for any Objections to this Report & Recommendations regarding consolidation and a final decision on those motions, a Status/Scheduling Conference will be scheduled.  In the interim, plaintiff's motion (id.) seeking extension of the Scheduling Orders deadlines is **granted**; those Scheduling Orders (Sloniger v. Deja, No. 09CV858, Docket No. 131, Eighth Amended Scheduling Order; Reed v. Deja, No. 10CV379, Docket No. 46, Fourth Amended Scheduling Order) are **held in abeyance** pending final disposition of the consolidation motions.

CONCLUSION

For the reasons stated above, plaintiff's motion to consolidate Reed v. Deja, No. 10CV379, with Sloniger v. Deja, 09CV858 (Reed v. Deja, No. 10CV379, Docket No. 61) should be **granted**.  If accepted after any Objections, the Clerk of Court should consolidate these cases under civil number 09CV858S and close the case of Reed v. Deja, Case No. 10CV379S, and all further docketing should be done in 09CV858S.

Road Bear RV parties' motions (<u>Sloniger v. Deja</u>, 09CV858, Docket No. 134; <u>Reed v. Deja</u>, No. 10CV379, Docket No. 59) to dispose of the wreckage of the recreational vehicle at issue in these cases are **granted** provided that parts that Road Bear RV's counsel stated were or would be preserved are in fact preserved.

The Scheduling Orders in the actions recommended for consolidation are held **in abeyance** pending final resolution of the motion to consolidate. Following that resolution, a Scheduling/Status Conference will be scheduled before the undersigned.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>F.D.I.C. v. Hillcrest Associates</u>, 66 F.3d 566 (2d Cir. 1995); <u>Wesolak v. Canadair Ltd.</u>, 838 F.2d 55 (2d Cir. 1988).

The District Court on <u>de novo</u> review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  <u>See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

_/s/ Hugh B. Scott_

Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
January 13, 2014

12