UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SUSAN REED AS EXECUTRIX OF THE ESTATE OF
SHARON L. SLONIGER,
SUSAN SLONIGER REED AS EXECUTRIX OF THE
ESTATE OF EDWARD SLONIGER, DECEASED,

                      Plaintiff,

                      v.

SIEGMUND DEJA,

                      Defendant.

**Hon. Hugh B. Scott**

09CV858S

**Report
&
Recommendation**

---

Before the Court is plaintiff's[1] motion for summary judgment as to liability against decedent Edward Sloniger (Docket No. 144)[2]. This Court recommended granting similar relief to plaintiff on behalf of Edward's wife, Sharon Sloniger (Docket No. 131), which Chief Judge Skretny adopted (Docket No. 140); familiarity with those proceedings (and the extensive proceedings in this case[3]) is presumed.

---

[1] Unlike previous decisions, "plaintiff" refers to Susan Sloniger Reed, executrix of the estates of her parents.

[2] In support of her motion, plaintiff submits her Statement of Undisputed Facts; her attorney's Declaration with exhibits; her Memorandum of Law, Docket Nos. 144, 146; her attorney's Reply Declaration, Docket No. 152; her Reply Memorandum, Docket No. 153, and proof of service, Docket No. 154.
    In opposition, defendant files his Counter-Statement to Plaintiff's Rule 56.1 Statement, Docket No. 148; his attorney's Declaration, Docket No. 149; his opposing Memorandum of Law, Docket No. 150; and proof of service, Docket No. 151.

[3] Also presumed is familiarity with the prior separate actions that emanated from the accident at issue in this case, Sloniger v. Deja, No. 09CV984; Reed v. Deja, No. 10CV379 (action by estate of Edward Sloniger), which have been consolidated into this action, Docket Nos. 46 (consolidating No. 09CV984 into this action), 139, 140 (consolidating No. 10CV379 into this action), as well as a separate fraud action arising from the failed settlement of

Response to this motion was due by April 14, 2014, and any reply was due April 21, 2014 (Docket No. 145).  Plaintiff also was ordered to refile an exhibit that the Court could not retrieve (id.; see Docket No. 146 (refiled plaintiff's Ex. E)).  Upon plaintiff's filing of her reply papers on April 16, 2014 (Docket Nos. 152-54), this Court deemed the motion submitted.

BACKGROUND

This action arises from a Niagara County, New York, automobile-recreational vehicle accident in May 2009 (Docket No. 144, Pl. Statement ¶ 1; Docket No. 148, Def. Statement ¶¶ 1-2; see, e.g., Docket No. 131, Nov. 1, 2013, Report & Rec. at 2-3; Docket No. 139, Jan. 13, 2014, Report & Rec. at 3).  Defendant Deja operated a leased recreational vehicle that allegedly ran a stop sign, hitting the vehicle driven by Edward Sloniger.  Mr. Sloniger was killed in this accident and Sharon Sloniger was injured (Docket No. 144, Pl. Statement ¶ 2; see also Docket No. 131, Nov. 1, 2013, Report & Rec.).  Plaintiff Susan Sloniger Reed is the daughter of Edward and Sharon Sloniger and executrix for their estates (see also Docket Nos. 49, 55, 131, Nov. 1, 2013, Report & Rec. at 1 n.1; Reed v. Deja, No. 10CV379, Docket No. 1, Notice of Removal).

Plaintiff claims that the defendant received a traffic ticket for passing a stop sign as a result of this accident (Docket No. 144, Pl. Statement ¶ 3; see Docket No. 131, Nov. 1, 2013, Report & Rec. at 3), with defendant stating to two witnesses that he passed the stop sign (Docket No. 144, Pl. Statement ¶ 4; see Docket No. 131, Nov. 1, 2013, Report & Rec. at 3).  On September 29, 2009, defendant plead guilty, in absentia, in Town of Porter Court to passing a stop sign (Docket No. 144, Pl. Statement ¶ 5; see Docket No. 131, Nov. 1, 2013, Report & Rec. at 3).  Plaintiff compares the posted speed on the roads at that intersection (of 55 miles per hour)

---

claims from this accident, Reed v. American Transport Ins. Corp., No. 12CV6285.  For a brief recitation of this procedural history, see Docket No. 139, Report & Recommendation of Jan. 13, 2014, at 3-4, 5 n.5; Docket No. 131, Report & Recommendation of Nov. 1, 2013, at 4 & n.5.

2

with the rate of speed traveled by defendant (59 miles per hour) and the Slonigers (52 miles per hour) (Docket No. 144, Pl. Statement ¶¶ 6-8; see Docket No. 131, Nov. 1, 2013, Report & Rec. at 3), with defendant now stating that both vehicles entered the intersection at high rates of speed (Docket No. 148, Def. Statement ¶ 5).

Defendant notes that there was a stop sign in his direction where Ransomville Road intersects with Youngstown-Wilson Road (Docket No. 148, Def. Counter-Statement ¶ 3), but no stop sign on the Slonigers' direction on Youngstown-Wilson Road (id. ¶ 4). Defendant claims that Edward Sloniger did not see defendant's vehicle or take any action to avoid the collision (id. ¶ 6).

*Plaintiff's Motion*

In addition to contending that Edward Sloniger suffered a "serious injury" under New York Insurance Law (Docket No. 144, Pl. Memo. at 4-5), plaintiff also argues that judgment should be entered against defendant for being liable for Edward Sloniger's death (Docket No. 144), concluding that defendant was negligent in driving too fast and disregarding the stop sign (id., Pl. Memo. at 3-4).

Defendant argues that there are genuine issues of material fact whether Edward Sloniger was paying attention to the road and could have avoided this accident (Docket No. 150, Def. Memo. at 1). He notes that this Court's earlier decision holding him liable in negligence per se as to Sharon Sloniger did not factor in the contributory negligence of her husband, Edward (Docket No. 149, Def. Atty. Decl. ¶ 4). Defendant points to the testimony of Sharon Sloniger that she was having a conversation with Edward Sloniger and that he did not see defendant's vehicle or take any evasive action to avoid a collision (id. ¶ 6; Docket No. 144, Pl. Atty. Decl.,

3

Ex. E; Sharon Sloniger EBT Tr. at 41-42; Docket No. 150, Def. Memo. at 3-4). But Sharon Sloniger did not testify as to the attentiveness of her husband in driving; in fact, she started her testimony about the accident stating that she did not recall anything from the accident (cf. Docket No. 144, Ex. E, Sharon Sloniger EBT Tr. at 41-42). She also testified that Edward Sloniger did not wear a seat belt but he did not do so with a medical notice due to his PTSD and cardiac condition (id. at 42-43, 57-60, 61-62, 65-71). Defendant now argues that, under New York law, Edward Sloniger's failure to wear a seat belt should be considered in mitigation of damages (Docket No. 149, Def. Atty. Decl. ¶ 7). Defendant argues that Edward Sloniger breached his common-law duty to be observant at the time of the collision (Docket No. 150, Def. Memo. at 3), see Botero v. Erraez, 289 A.D.2d 274, 275, 734 N.Y.S.2d 565, 566 (2d Dep't 2001).

Defendant also argues that conflicting duties involved here raise an issue of fact. Under Botero, defendant contends Edward Sloniger had the duty to observe defendant's vehicle, while under Duran v. Simon, 83 A.D.3d 654, 654, 919 N.Y.S.2d 895, 895 (2d Dep't 2011), he was entitled to assume that defendant would yield the right-of-way. Defendant concludes that these two items conflict and raise an issue of fact to preclude summary judgment for plaintiff, but contend that the duty to observe should trump the expectation of defendant yielding the right-of-way. (Docket No. 150, Def. Memo. at 4.)

Plaintiff replies that defendant has not come forward with evidence to indicate a material issue of fact to preclude summary judgment (Docket No. 153, Pl. Reply Memo. at 1). She argues that defendant merely speculates that Edward Sloniger was not paying attention (id. at 2; Docket No. 152, Pl. Atty. Reply Decl. ¶ 5), noting that the police Accident Reconstruction Report (Docket No. 144, Pl. Atty. Decl., Ex. B) did not indicate that Edward Sloniger's failure to take

4

evasive action was a contributing factor to the accident (Docket No. 152, Pl. Atty. Reply Decl. ¶ 6; Docket No. 153, Pl. Reply Memo. at 2). She also contends that there is no conflict between Botero and Duran to create an issue of fact here; both cases rest upon the statutory duty to not proceed through an intersection without yielding the right-of-way, Botero, supra, 289 A.D.2d at 275, 734 N.Y.S.2d at 566; Duran, supra, 83 A.D.3d at 654, 919 N.Y.S.2d at 895, both cases citing New York Vehicle & Traffic Law § 1142(a) (id. at 2-3).

Plaintiff also states that she intends to refile a coverage action in New York State court, following the dismissal of a similar federal action, and seeks to stay damages proceedings in the present action until the state coverage action is concluded (Docket No. 144, Pl. Memo. at 5). Defendant agrees with a stay, but for "all proceedings" in this case until the state coverage action is concluded (Docket No. 149, Def. Atty. Decl. ¶¶ 12-16).

## DISCUSSION

I. Applicable Standard

   A. Summary Judgment

As previously noted (Docket No. 131, Nov. 1, 2013, Report & Rec. at 7-9), summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003); Fed. R. Civ. P. 56(a) (effective Dec. 2010). The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant.

5

Ford, supra, 316 F.3d at 354.  "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir.) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)), cert. denied, 522 U.S. 864 (1997).  While the moving party must demonstrate the absence of any genuine factual dispute, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), the party against whom summary judgment is sought, however, "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis in original removed); McCarthy v. American Intern. Group, Inc., 283 F.3d 121, 124 (2d Cir. 2002); Marvel Characters v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002).  The opponent to summary judgment may argue that he cannot respond to the motion where it shows, by affidavit, "that, for specified reasons, it cannot present facts essential to justify its opposition," Fed. R. Civ. P. 56(d).

The Local Civil Rules of this Court require that movant and opponent each submit "a separate, short, and concise" statement of material facts, and if movant fails to submit such a statement it may be grounds for denying the motion, W.D.N.Y. Loc. Civ. R. 56(a)(1), (2) (effective Jan. 1, 2011).  The movant is to submit facts in which there is no genuine issue, id. R. 56(a)(1), while the opponent submits an opposing statement of material facts as to which it is contended that there exists a genuine issue to be tried, id. R. 56(a)(2).  Each numbered paragraph in the movant's statement will be deemed admitted unless specifically controverted by a correspondingly numbered paragraph in the opponent's statement, id.  Each statement of material

fact is to contain citations to admissible evidence to support the factual statements and all cited authority is to be separately submitted as an appendix to that statement, id. R. 56(a)(3).

      B. Choice of Law

No one disputes that New York tort law applies here, including New York Insurance Law provisions. None of the parties argued which jurisdiction's substantive law applies, although both sides cite New York's substantive law.

As a diversity action, the procedures are governed by federal law and rules, while the substantive law is governed by state law, see Erie R.R. v. Tompkins, 304 U.S. 64 (1938); Ocean Ships, Inc. v. Stiles, 315 F.3d 111, 116 n.4 (2d Cir. 2002). A federal court sitting in diversity applies the choice of law rules from the state in which it sits. Klaxon v. Stentor, 313 U.S. 487 (1941). In personal injury actions, New York generally applies the law of the jurisdiction in which the injury occurred. See Cooney v. Osgood Machinery, Inc., 81 N.Y.2d 66, 595 N.Y.S.2d 919 (1993); Neumeier v. Kuehner, 31 N.Y.2d 121, 335 N.Y.S.2d 64 (1972). "New York's current choice-of-law rules require the court to consider the following three elements: the domicile of the plaintiff, the domicile of the defendant, and the place where the injury occurred." Lucas v. Lalime, 998 F. Supp. 263, 267 (W.D.N.Y. 1998) (Heckman, Mag. J., R&R, adopted by Arcara, J.). Where more than one element is in the same state, that state's law should apply. Id.; Datskow v. Teledyne Continental Motors, 807 F. Supp. 941, 943 (W.D.N.Y. 1992) (Larimer, J.) Under New York choice of law rules, however, "the first step in any case presenting a potential choice of law is to determine whether there is an actual conflict between the laws of the jurisdiction involved." Matter of Allstate Ins. Co., 81 N.Y.2d 219, 223, 597 N.Y.S.2d 904, 905 (1993). This Court need not determine which forum's law applies where the relevant issue

would turn out the same under the fora's law and no true conflict exists, <u>Elgin Sweeper Co. v. Melson Inc.</u>, 884 F. Supp. 641, 648 (N.D.N.Y. 1995); <u>Howard v. Clifton Hydraulic Press Co.</u>, 830 F. Supp. 708, 712 (E.D.N.Y. 1993). Additionally, where New York law and the other fora's laws have no material differences, New York law applies, <u>Elgin Sweeper</u>, <u>supra</u>, 884 F. Supp. at 648.

Here, plaintiff is a New York resident as were the Slonigers, while defendant is a German national. No one has suggested German law applies or would have a different outcome than under New York law. This is a personal injury action where the physical injuries occurred in New York. Thus, the tort claims asserted here are governed by New York law. <u>See</u> <u>Babcock v. Jackson</u>, 12 N.Y.2d 473, 240 N.Y.S.2d 743 (1963); <u>Lucas</u>, <u>supra</u>, 998 F. Supp. at 267.

II.     Serious Injury Threshold

An initial issue can be disposed of promptly. Plaintiff in effect renews her claim for "serious injury" under New York Insurance Law § 5104(a) for the injuries and death of Edward Sloniger (<u>see</u> Docket No. 107, Pl. Memo. at 7; <u>cf.</u> Docket No. 131, Nov. 1, 2013, Report & Rec. at 12-13). Defendant does not dispute this part of plaintiff's motion (Docket No. 149, Def. Atty. Decl. ¶¶ 1, 2). This Court previously granted similar status to Sharon Sloniger for her injuries (Docket No. 131, Nov. 1, 2013, Report & Rec. at 11; Docket No. 140, Order) but denied that status to Edward Sloniger since he was not a party in this action and he had a separate action pending (Docket No. 131, Nov. 1, 2013, Report & Rec. at 12-13). With the consolidation of these actions (Docket No. 140), and defendant's concession, Edward Sloniger's serious injury is easily met. Therefore, so much of this motion seeking that Edward Sloniger's death be declared a "serious injury" under New York Insurance Law should be **granted**.

III.	Liability

Plaintiff's present motion as to defendant's negligence to Edward Sloniger differs from the similar one for the claims of Sharon Sloniger.  There, this Court found that there were no issues of fact as to defendant's liability to her, given that defendant's guilty plea constituted negligence as a matter of law (Docket No. 131, Nov. 1, 2013, Report & Rec. at 9-11).  Sharon Sloniger was the passenger and had no role in how the accident occurred.

Applying New York tort law here, plaintiff can establish (as she did for her mother, Sharon Sloniger, see Docket Nos. 131, 140) that defendant was entitled to judgment as a matter of law by showing that defendant (who faced a stop sign and drove through the intersection without yielding the right-of-way) and was the sole proximate cause of the accident, Duran, supra, 83 A.D.3d at 655, 919 N.Y.S.2d at 895 (emphasis added).

The two cases cited by the parties are factually similar to this case.  In Botero, the driver that collided with plaintiff had the stop sign and did not see the plaintiff's vehicle, 289 A.D.2d at 275, 734 N.Y.S.2d at 566.  In Duran, defendant was the driver with the stop sign who also negligently drove into an intersection without yielding the right-of-way, 83 A.D.3d at 655, 919 N.Y.S.2d at 895.

The issue as to Edward Sloniger is whether defendant was the sole cause of his injuries and death.  Defendant argues that Edward Sloniger also might have been a cause, pointing to Sharon Sloniger's testimony that she was speaking to Edward Sloniger when the crash occurred. She did not testify (as defendant claims) that Edward Sloniger was not attentive at that time. First, she testified that she had no recall of the accident (Docket No. 144, Pl. Atty. Decl., Ex. E, Sharon Sloniger EBT Tr. at 41-42) and then testified that she remembered before the accident

9

telling her husband that it was a beautiful day (id. at 42)[4] and that she was engaged in a conversation with him (id. at 44). When asked if she recalled seeing the vehicle that hit her car, Sharon Sloniger remembered a flash of color prior to the collision (id. at 43, 44). A review of her testimony does not show Edward Sloniger's attention or inattention at the time of the collision. Defendant does not point out any other evidence of Edward Sloniger's inattention to raise a material issue of fact. The evidence presented by defendant is insufficient to establish a material issue of fact as to his attentiveness; therefore, plaintiff's motion for summary judgment as to defendant's negligence toward Edward Sloniger (Docket No. 144) should be **granted**.

But Edward Sloniger's damages may be impacted by the fact that (for other medical reasons) he did not wear a seat belt at the time of the accident. According to the Accident Reconstruction Report (Docket No. 144, Pl. Ex. B, third unnumbered page), Edward Sloniger was ejected from the vehicle prior to it coming to rest in a field. As defendant argues (Docket No. 149, Def. Atty. Decl. ¶ 6), this failure to wear the seat belt has no bearing on the issue of liability but may mitigate damages. Thus, there is an issue of fact for a damages inquest of whether Edward Sloniger's failure to use seat belts contributed to his damages, but summary judgment as to liability is not affected by this issue.

Therefore, plaintiff's motion for summary judgment as to the claims of her late father (Docket No. 144) should be **granted** (for defendant's negligence).

IV.   Schedule Relative to Coverage Action

Earlier, this case had been all but settled (cf. Docket Nos. 56, 76) but for insurance coverage for the settlement amount (Docket No. 86; see also Reed v. American Transport Ins.

---

[4] "Q. Can you tell me what the last thing you remember after leaving your house?
"A. I just remember talking with my husband and saying it was a beautiful day."
Docket No. 144, Pl. Atty. Decl., Ex. E, Sharon Sloniger Tr. at 42, ll. 12-15.

Corp., No. 12CV6285). Plaintiff commenced another action in this Court alleging fraud and other claims arising from the failure to effectuate this settlement, Reed v. American Transport Insurance Corp., No. 12CV6285, but this action was dismissed, id., Docket Nos. 68 (Order of Jan. 22, 2014), 69 (Judgment); see also id., Docket No. 64 (Report & Recommendation).

Plaintiff now states that she intends to renew this action in New York State court and requests that any damages inquest in this action be stayed pending determination of the New York action (Docket No. 144, Pl. Atty. Decl. ¶¶ 27-28; id., Pl. Memo. at 5). To date, plaintiff has not filed this action. Under N.Y. CPLR 205(a), she has six months from the dismissal of the federal action to file this renewed state action, or approximately by July 22, 2014.

Defendant joins in the stay request but goes a step further and seeks a stay of "all proceedings" in this action pending resolution of this state coverage action (Docket No. 149, Def. Atty. Decl. ¶¶ 12, 13-16). Defendant claims that all parties here have fallen victim to the failure of insurer American Transport Insurance Corporation to provide excess coverage to defendant, leaving defendant with the minimum of general coverage of $25,000/$50,000 (id. ¶¶ 13, 14)

As one district court in this Circuit recently noted, "courts within this Circuit have split as to whether a motion to stay is dispositive or non-dispositive," Pierre v. Prospect Mortgage, LLC, No. 1:13-CV-453, 2013 U.S. Dist. LEXIS 156005, at *1 n.1 (N.D.N.Y. Oct. 31, 2013) (Treece, Mag. J.) (Order granting motion for stay pending decision on transfer to Judicial Panel for Multidistrict Litigation). Stay of an action where denial of such a stay is not denial of the ultimate relief sought, cf. SEC v. CMKM Diamonds, Inc., 729 F.3d 1248, 1260 (9th Cir. 2013) (stay sought effected ultimate relief, held to be dispositive), is not dispositive, Sullivan v.

11

Cottrell, Inc., No. 11CV1076, 2012 U.S. Dist. LEXIS 26434 (W.D.N.Y. Feb. 29, 2012) (Scott, Mag. J.) (Order denying stay of action pending transfer to JPML); Herko v. Metropolitan Life Ins., 978 F. Supp. 141, 142 n.1 (W.D.N.Y. 1997) (Foschio, Mag. J.) (Order granting stay pending arbitration, holding that motion to compel arbitration was non-dispositive under 28 U.S.C. § 636(b)). For judicial convenience and since the parties raise it in this motion, this Court will address the stay in this Report rather than in a separate Order.

The grant of a stay here would not determine ultimate relief; rather it would merely delay it. This action should proceed to trial as to damages. From prior proceedings, damages are at issue for the claims of Sharon Sloniger. Depending upon whether Chief Judge Skretny accepts this Report, the damage claims of Edward Sloniger will need to be tried as well.

Parties raise the issue of the source of defendant to pay any judgment beyond the statutory coverage minimum under New York law. This is a collection or coverage issue that need not detain resolution of the amount of damages. Liability and damages are separate from the issue of whether defendant has insurance coverage (or the extent of it) to pay any damage claims. Plaintiff has until July 2014 to commence the state coverage action and it is not clear when such an action (once filed) would be concluded.

The consolidated action at bar was commenced in 2009 for an accident that occurred in May of that year. Both plaintiffs are now deceased. Further delay of a trial as to damages while awaiting commencement and prosecution of a coverage action would prejudice the parties despite the question of whether damages in the end could be paid. If the damages here proceed to trial or other resolution, the fact that defendant (among others) believes that he has insurance coverage for that claim should not delay the resolution of the merits of that claim. Plaintiff's

motion (Docket No. 144) for a stay (which defendant joins, see Docket No. 149, Def. Atty. Decl. ¶¶ 12-16) is **denied**. Upon any Objections to this Report and Chief Judge Skretny's action on those Objections and this Report, this case should be scheduled for trial of the remaining damage issues.

V.   What Remains

Absent Objections and if this Report is adopted, plaintiff prevails on the liability phase of her action as to both her parents estates' claims against defendant. What would remain for trial are damages incurred by Edward and Sharon Sloniger, including whether there was any mitigation for the failure of Edward Sloniger to wear a seat belt.

CONCLUSION

For the reasons stated above, plaintiff's motion (Docket No. 144) for summary judgment as to defendant's liability as to Edward Sloniger should be **granted**, specifically, her motion for a declaration that Edward Sloniger suffered a "serious injury" under New York Insurance Law should be **granted** and her motion as to defendant's negligence liability should be **granted**.

Her motion (id., joined by defendant, Docket No. 149, Def. Atty. Decl. ¶¶ 12, 13-16) for a stay of subsequent proceedings as to damages in this action pending commencement and resolution of a related New York State court action **is denied**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy to the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report &**

**Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective Dec. 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
        April 22, 2014